Fleming, Judge.
I concur in opinion that a creditor may maintain an action on the bond. For the act of assembly directs that any party injured may sue; which applies to every person who is prejudiced by the misconduct of the executor. The cases cited against it have no influence upon the question; for they are contradictory to themselves, and were made upon a statute which differs from ours. The only point of enquiry in all such cases is, whether the plaintiff is a party injured by the course which the executor has pursued ; and if he proves it in the manner prescribed by law, he brings himself emphatically within the language and meaning of the act. But then the question arises, What the creditor must do to avail himself of the benefit of the bond ? And the answer is, that he is to *319 prove himself a creditor by a judgment against the executor; that he issued execution j and that nulla bona was returned. For until that is done, the executor is presumed to have acted rightly, and that the bond has not been forfeited; for the plaintiff, in every such case, must prove a devastavit before he is entitled to sue upon the bond. In the present case, however, none of the plaintiffs have taken all these steps; and therefore, none of them can sustain the action. But this is not all; for the verdict does not find the amount of the supposed devastavit; which was indispensably requisite ; because neither the executor nor the securities were liable for more than the waste actually committed. Upon the whole, I think the plaintiffs have not made out their case 5 and that the judgment ought to be reversed.